UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LATTER RAIN REVIVAL TABERNACLE<br>Plaintiff | * * * * | CIVIL ACTION NO. 25-1567 |
| VERSUS | * * | JUDGE: **** |
| LIBERTY MUTUAL INSURANCE COMPANY<br>Defendant | * * * | MAGISTRATE: **** |

## NOTICE OF REMOVAL

Defendant Ohio Security Insurance Company ("OSIC"), incorrectly identified as "Liberty Mutual Insurance Company" ("Liberty") in Plaintiff's Petition, respectfully removes to this Court the state court action described below:

1.  On September 10, 2025, Plaintiff Latter Rain Revival Tabernacle commenced this action seeking to recover for alleged storm-related damage to its commercial property located at 801 Texas Avenue, Ferriday, Louisiana 71334. *See* State Court Record, attached as Exhibit A, *in globo*.

2.  The Petition for Damages ("Petition") names Liberty Mutual Insurance Company, a diverse, non-Louisiana citizen, as the only defendant. Petition, at ¶ 2. The correct defendant entity is Ohio Security Insurance Company, who issued commercial policy number BKS 62978952 to Plaintiff for the subject property. *See* Certified Copy of Policy, attached hereto as Exhibit B.

3.  Plaintiff alleges that its property sustained damage as a result of a windstorm on or about December 18, 2023. Petition, at ¶ 7.

4.  Plaintiff alleges that OSIC provided a policy of insurance that provides coverage for the alleged property damage. Petition, at ¶ 5. OSIC disputes coverage.

5.  This action was filed in the 7th Judicial District Court, Parish of Concordia, State of Louisiana, and captioned *Latter Rain Revival Tabernacle versus Liberty Mutual Insurance Company*, bearing docket number C-56067, Division "A."

6.  This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy for Plaintiff's claim exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

7.  The 7th Judicial District Court, Concordia Parish, State of Louisiana is a state court within the Western District of Louisiana, Alexandria Division.

8.  OSIC has attached all pleadings and service returns filed in the record of the state court proceeding. *See* State Court Record, attached as Exhibit A, *in globo*.

## REMOVAL IS TIMELY

9.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

    > The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

10. OSIC was served with the Petition through the Louisiana Secretary of State on September 18, 2025, and its removal was filed within thirty days after service. *See* Notice of Service of Process, Exhibit A.

**DIVERSITY JURISDICTION**

11. This Court has original diversity jurisdiction over Plaintiff's claims because the parties are completely diverse and because the alleged damages exceed the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

*The Parties Are Completely Diverse*

12. Plaintiff is a citizen of the State of Louisiana. *See* Petition, at ¶ 1. Further, Plaintiff is a non-profit religious corporation with its principal place of business in the city of Ferriday, Concordia Parish, State of Louisiana.[1] *See* Louisiana Secretary of State Report, attached hereto as Exhibit C. A corporation is a citizen of the state of incorporation and the state of its principal place of business. Here, Plaintiff is incorporated in the State of Louisiana and its principal place of business is in the State of Louisiana. Accordingly, Plaintiff is a citizen of Louisiana.

13. Liberty Mutual Insurance Company, improperly named as defendant in Plaintiff's Petition, is a nongovernmental corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* Liberty Mutual Insurance Company's Louisiana Department of Insurance Profile, attached hereto as Exhibit D. Accordingly, Liberty Mutual Insurance Company is a citizen of Massachusetts for purposes of diversity jurisdiction.

14. Ohio Security Insurance Company, the proper defendant entity, is a nongovernmental corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* Ohio Security Insurance

---

[1] Plaintiff's Petition alleges that it is domiciled in the Parish of Caddo and the City of Shreveport but, upon information and belief, this is factually inaccurate and believed by OSIC to be a typographical error. Regardless of the correct Parish, however, Plaintiff's citizenship in the State of Louisiana stands.

Company's Louisiana Department of Insurance Profile, attached hereto as Exhibit E. Accordingly, OSIC is a citizen of New Hampshire and Massachusetts for purposes of diversity jurisdiction.

15. Complete diversity of citizenship exists between Plaintiff and OSIC.

### The Amount in Controversy Exceeds $75,000.00

16. OSIC, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000.00]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54. Where a petition is silent to the exact amount in controversy, the removing party must set forth summary-judgment-type evidence of facts in controversy to support a finding of the requisite amount. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Circuit 2002).

17. Here, the Petition alleges, "On or about April 2, 2024, Petitioner dispatched Cross Country Public Adjusting LLC ("Cross Country") to conduct an independent inspection of the Property and Cross Country created an estimate of damages documenting $127,978.34 in damages to the dwelling and $881.30 in contents." *See* Petition, at ¶ 13.

18. The Petition further alleges, "On July 14, 2024, a demand for the release of unconditional tenders for $128,859.64 was sent to Liberty Mutual, along with the Cross Country estimate demonstrating the loss." *See* Petition, at ¶ 14.

19. The Petition further alleges, "To date, no insurance proceeds have been forthcoming." *See* Petition, at ¶ 19.

20. Accordingly, the alleged contractual damage in controversy is at least $127,859.64 claimed: Plaintiff's public adjuster estimate ($128,859.64), less the deductible ($1,000). This amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332.

21. Furthermore, in addition to the $127,859.64 in controversy related to the alleged contractual damage sustained, Plaintiff also alleges that OSIC is liable for bad faith penalties and attorneys' fees under La. Rev. Stat. §§ 22:1892 and 22:1973, an allegation that OSIC denies. *See* Petition at ¶¶ 33-42.

22. Although OSIC denies any liability to Plaintiff for bad faith penalties and fees, penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. *See Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.").

23. Under Louisiana law, bad faith penalties are assessed in accordance with Louisiana Revised Statute § 22:1892. The penalty assessed under La. Rev. Stat. § 22:1892 is ***fifty percent*** of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. Rev. Stat. § 22:1892(B)(1) (emphasis added).

24. Under La. R.S. § 22:1892, a fifty percent penalty of the $127,859.64 contractual damage in controversy would be $63,929.82, and a one-third fee for attorneys' fees would be $63,929.82 (1/3 of $127,859.64 contractual amount + $63,929.82 penalty). Thus, Plaintiff has placed an additional $127,859.64 (or more) at issue, for a total amount in controversy of at least $255,719.28.[2]

25. Accordingly, the penalties requested in this case swell the amount in controversy for Plaintiff's claim even further beyond the jurisdictional threshold under 28 U.S.C. § 1332.

---

[2] OSIC specifically denies that any bad faith penalties, damages, or attorneys' fees are owed.

## **CONCLUSION**

26. In sum, there exists complete diversity of citizenship between Plaintiff and OSIC, and the amount in controversy totals at least $255,719.28, including penalties and attorneys' fees under La. Rev. Stat. § 22:1892. This Court therefore has original jurisdiction under 28 U.S.C. §§ 1332 and 1441. Accordingly, OSOC respectfully requests that this Court assume full jurisdiction over this case as provided by law.

Respectfully submitted,

/s/Elizabeth A. Houts
H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
Elizabeth A. Houts, 40186
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com
ehouts@pipesmiles.com

*Attorneys for Ohio Security Insurance Company*