10/17/2025 09:49:12 AM

| | | | | PLAINTIFF'S ATTORNEY: | | | | DEFENDANT'S ATTORNEY: |
|---|---|---|---|---|---|---|---|---|

SUIT NO. 56067     HAIR, GALEN M

LATTER RAIN REVIVAL TABERNACLE     3001 17TH STREET

.   VS     METAIRIE, LA 70002

LIBERTY MUTUAL INSURANCE COMPANY     HAIR SHUNNARAH TRIAL ATTORNEYS

DIVISON: A    TYPE:     DATE FILED: 09/10/2025     DATE AS OF: 10/17/2025     SUIT STATUS: OPN

Page: 1

| COUNT | DATE | PCODE | DESCRIPTION | PARTY | REFUNDS | COSTS | RUNNING COSTS | DEPOSITS | PAYEE | PAID_DATE | REFERENCE # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 09/10/2025 | 000000 | DEPOSIT - EFILE | P 1 | | | | 450.00 | 000000 | 09/10/2025 | |
| 2 | 09/10/2025 | 000400 | JUDICIAL ADMINISTRATION FEE | P 1 | | -10.00 | -10.00 | | 000001 | 09/30/2025 | 17655 |
| 3 | 09/10/2025 | 000501 | INITIALIZATION FEE | P 1 | | -20.00 | -30.00 | | 000001 | 09/30/2025 | 17655 |
| 4 | 09/10/2025 | 000621 | STATE JUDICIAL EXPENSE FUND | P 1 | | -31.50 | -61.50 | | 043020 | 09/30/2025 | 17672 |
| 5 | 09/10/2025 | 000622 | JUDICIAL EXPENSE FUND FOR 7TH JDC | P 1 | | -10.00 | -71.50 | | 000008 | 09/30/2025 | 17656 |
| 6 | 09/10/2025 | 000823 | LA SUPREME COURT FEE | P 1 | | -0.50 | -72.00 | | 059634 | 09/30/2025 | 17673 |
| 7 | 09/10/2025 | 000502 | INDEXING & SUPREME COURT | P 1 | | -3.50 | -75.50 | | 000001 | 09/30/2025 | 17655 |
| 8 | 09/10/2025 | 000835 | PETITION | P 1 | | -26.00 | -101.50 | | 000001 | 09/30/2025 | 17655 |
| 9 | 09/10/2025 | 000512 | SHERIFF SERVICE & RETURN-OTHER | P 1 | | -41.52 | -143.02 | | 000318 | 09/10/2025 | 17647 |
| 10 | 09/10/2025 | 000627 | LOUISIANA SECRETARY OF STATE | P 1 | | -50.00 | -193.02 | | 000005 | 09/10/2025 | 17648 |
| 11 | 09/10/2025 | 000404 | LETTER TO OUTSIDE SHERIFF | P 1 | | -6.00 | -199.02 | | 000001 | 09/30/2025 | 17655 |
| 12 | 09/10/2025 | 000101 | CITATION P 091825 | P 1 | | -20.00 | -219.02 | | 000001 | 09/30/2025 | 17655 |
| 13 | 09/10/2025 | 000509 | COPIES | P 1 | | -10.00 | -229.02 | | 000001 | 09/30/2025 | 17655 |
| 14 | 09/10/2025 | 000100 | CERTIFIED COPY | P 1 | | -5.00 | -234.02 | | 000001 | 09/30/2025 | 17655 |
| 15 | 09/10/2025 | 000118 | POSTAGE | P 1 | | -2.00 | -236.02 | | 000001 | 09/30/2025 | 17655 |
| 16 | 09/25/2025 | 000512 | SHERIFF SERVICE & RETURN-OTHER | P 1 | | 0.00 | -236.02 | | 000318 | / / | |
| 17 | 09/25/2025 | 000407 | SERVICE RETURN FILED | P 1 | | -6.00 | -242.02 | | 000001 | 09/30/2025 | 17655 |
| 18 | 09/25/2025 | 000118 | POSTAGE | P 1 | | -1.00 | -243.02 | | 000001 | 09/30/2025 | 17655 |

**EXHIBIT A**

7ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF CONCORDIA

STATE OF LOUISIANA

NO. _____                                    DIV. " "

LATTER RAIN REVIVAL TABERNACLE

VERSUS

LIBERTY MUTUAL INSURANCE COMPANY

Concordia
JOHN F. ANDERS
Laci Cognevich
Suit# C-56067-A
E-FILED ON: 9/10/25 03:09 PM
Filed on: 9/10/25 03:34 PM
# of Pages:6

FILED: _____                         _____
                                                    DEPUTY CLERK

### PETITION FOR DAMAGES AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Latter Rain Revival Tabernacle (hereinafter "Petitioner"), and file their Petition for Damages and Demand for Jury Trial against Defendant, Liberty Mutual Insurance Company (hereinafter "Defendant" or "Liberty Mutual"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **LATTER RAIN REVIVAL TABERNACLE**, a non-profit religious corporation domiciled in the Parish of Caddo, Louisiana. It is domiciled in the city of Shreveport, Parish of Caddo, State of Louisiana; Plaintiff is a citizen of the State of Louisiana.

2. Made Defendant herein is **LIBERTY MUTUAL INSURANCE COMPANY**, an insurer authorized to do and doing business in the State of Louisiana and the Parish of Concordia, which may be served through its Registered Agent of Service of Process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

4. Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

### III. RELEVANT FACTS

5. At all times relevant hereto, Petitioner owned the property located at 801 Texas Avenue and 801B Texas Avenue, Ferriday, Louisiana 71334 (the "Property").

| LEDGER BALANCE | | | | CASH BALANCE | | |
|---|---|---|---|---|---|---|
| Deposits | 450.00 | | | Deposits | 450.00 | |
| PrePaid Deposits | 0.00 | | | PrePaid Deposits | 0.00 | |
| Total Deposits | | 450.00 | | Total Deposits | | 450.00 |
| Costs | -243.02 | | | Costs | -243.02 | |
| PrePaid Costs | 0.00 | | | PrePaid Costs | 0.00 | |
| Total Costs | | -243.02 | | Total Costs | | -243.02 |
| Refunds | | 0.00 | | Refunds | | 0.00 |
| Ledger Balance | | 206.98 | | Cash Balance | | 206.98 |
| Escrows | | 0.00 | | Escrows | | 0.00 |

10/17/2025 09:49:20 AM

PARTY SUMMARY REPORT

SUIT NO. 56067

LATTER RAIN REVIVAL TABERNACLE

VS.

LIBERTY MUTUAL INSURANCE COMPANY

DIVISON: A    TYPE:        DATE FILED: 09/10/2025        DATE AS OF: 10/17/2025        SUIT STATUS: OPN

Page: 1

| PARTY # | NAME | ATTORNEY NAME | DEPOSIT | PREPAID DEPOSIT | COST | PREPAID COST | REFUNDS | BALANCE |
|---------|------|---------------|---------|-----------------|------|--------------|---------|---------|
| P 1 | LATTER RAIN REVIVAL TABERNACLE | HAIR, GALEN M | 450.00 | 0.00 | -243.02 | 0.00 | 0.00 | 206.98 |
| | | | 450.00 | 0.00 | -243.02 | 0.00 | 0.00 | 206.98 |

6. At all times relevant hereto, Liberty Mutual provided a policy of insurance, number BKS(24)62978952 (the "Policy"), to Petitioner which covered the Property against perils, including wind, and provided the following coverages for 801 Texas Ave: $119,400 for Dwelling, $15,975 for Personal Property, and *inter alia*. Liberty Mutual also provided the following coverage for 801B Texas: $29,850 for Dwelling; *inter alia*.

7. On or around December 18, 2023, wind event caused significant damages to Petitioner's Property.

8. Petitioner timely reported the loss to Liberty Mutual, who assigned it claim number 24177076 (the "Claim").

9. As soon as practicable, Petitioner took steps to mitigate the damages to the Property at their expense to the best of their ability under the circumstances.

10. On or about January 29, 2024, a Field Adjuster for Liberty Mutual wrote that after investigation to the Property that Liberty Mutual was unable to provide coverage on the claim and denied Petitioner's claim. Then on or about July 25, 2024, an Engineer for Liberty Mutual investigated the Property and concluded that coverage on the Petitioner's claim was denied due to prior damage.

11. Liberty Mutual's inspection of the Property constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

12. To date, Liberty Mutual has refused to issue any tenders for Petitioner's substantial and covered losses.

13. On or about April 2, 2024, Petitioner dispatched Cross Country Public Adjusting LLC ("Cross Country") to conduct an independent inspection of the Property and Cross Country created an estimate of damages documenting $127,978.34 in damages to the dwelling and $881.30 in contents.

14. On July 14, 2024, a demand for the release of unconditional tenders for $128,859.64 was sent to Liberty Mutual, along with the Cross Country estimate demonstrating the loss.

15. This submission constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

16. Petitioner was unable to make meaningful repairs to the Property with the meager proceeds allowed by Defendant.

17. Upon information and belief, Defendant failed to adequately compensate Petitioner for their loss.

18. As a result, Petitioner was forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

19. To date, no insurance proceeds have been forthcoming.

20. To date, Petitioner has not been compensated fully for their substantial and covered losses. Further, Liberty Mutual have never adequately adjusted the loss.

21. As a result of Liberty Mutual's failure to timely and adequately compensate Petitioner for their substantial losses, Petitioner has been unable to restore the Property to its pre-loss condition, to date.

22. Petitioner has incurred or will incur additional expenses in repairing the Property as a result of Liberty Mutual's failure to timely compensate them for their substantial and covered losses.

23. Petitioner has invoked appraisal, which has been denied by Liberty Mutual. Counsel between the Parties are actively working on potentially pursuing appraisal at the time of this filing.

## III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

24. Petitioner realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

25. An insurance contract, the Policy, exists between Petitioner and Liberty Mutual has assumed rights, duties, and obligations.

26. The Policy provides coverage for perils including wind events.

27. Despite having received satisfactory proof of loss for damages caused by the wind event, Liberty Mutual failed to timely tender adequate insurance proceeds as required by the Policy.

28. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Liberty Mutual's inspection, Liberty Mutual breached the Policy.

29. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of those independent proofs of loss submitted to Liberty Mutual, Liberty Mutual breached the Policy.

30. By failing to conduct the claims handling process for Petitioner's Claim in good faith and with fair dealing, Liberty Mutual breached the Policy.

31. Petitioner has suffered and continue to suffer damages as a result of these breaches of the Policy.

## B. BAD FAITH

32. Petitioner realleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

33. The actions and/or inactions of Liberty Mutual in failing to timely and adequately compensate Petitioner for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Liberty Mutual liable for statutory bad faith penalties.

34. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause 1s in violation of La. R.S. § 22:1973.

35. "Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

36. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

37. Liberty Mutual is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioner adequate payment in connection with their Claim, despite having received satisfactory proof of loss following its own inspections of the Property.

38. Liberty Mutual's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

39. Liberty Mutual's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

40. Liberty Mutual's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

41. Liberty Mutual's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

42. Liberty Mutual's handling of Petitioner's Claim was in bad faith.

## IV. DAMAGES

43. Petitioner re-realleges and re-avers the allegations contained in the preceding paragraphs, above, above, as if restated herein.

44. As a result of Liberty Mutual's breaches of contract and other bad acts, Petitioner has incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Loss of Use;

    f. Fair Rental Value;

    g. Mental Anguish;

    h. Actual, compensatory, and general damages proximately caused by Defendant's breaches of duties and breaches of contract; and

    i. All other losses that will be proven through discovery or at the trial of this matter.

## V. JURY DEMAND

45. Petitioner requests a trial by jury.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Petitioner, Latter Rain Revival Tabernacle, pray that, Defendant, Liberty Mutual Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioner, Latter Rain Revival Tabernacle, and against, Defendant, Liberty Mutual Insurance Company, in an amount that will fully and fairly compensate Petitioner pursuant to the evidence and in accordance with the law, all

sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

Galen M. Hair, La. Bar. No. 32865
Madison C. Pitre, La Bar. No. 38867
**HAIR SHUNNARAH TRIAL
ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM
LAWYERS, INC.**
3001 17th Street
Metairie, Louisiana 70002
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hstalaw.com
mpitre@hstalaw.com

**PLEASE SERVE:**

**Liberty Mutual Insurance Company**
*Through its Registered Agent of Service of Process:*
*Louisiana Secretary of State*
*8585 Archives Avenue*
*Baton Rouge, LA 70809*

Concordia Parish Clerk of Court
7th Judicial District
P.O. Box 790
Vidalia, Louisiana 71373
(318) 336-4204

**EAST BATON ROUGE SHERIFF**
**P O BOX 3277**
**BATON ROUGE, LA 70821**

September 10, 2025

Re:    LATTER RAIN REVIVAL TABERNACLE
Vs. #56067 "A"
LIBERTY MUTUAL INSURANCE COMPANY

To Whom It May Concern:

Enclosed, please find the following documents for issuance of service........

**CITATION**

Please have service made and make your return to this office..........

PAYMENT ENCLOSED CHECK # 17647 - $ 41.52 .

PAYMENT ENCLOSED FOR LA SOS CHECK # 17648 - $ 50 .

Thank you,

Laci Cognevich
Deputy Clerk of Court

Parish of Concordia
State of Louisiana
7th Judicial District Court

LATTER RAIN REVIVAL TABERNACLE
VS. # 56067 "A"
LIBERTY MUTUAL INSURANCE COMPANY

*CITATION*

To:    LIBERTY MUTUAL INSURANCE COMPANY
       T/ REG AGENT LA SEC OF STATE
       8585 ARCHIVES AVE.
       BATON ROUGE, LA 70809

You are named as a Defendant in the above captioned matter.  Attached to this citation is a:

_____✓_   Certified Copy of Original Petition

_____   Certified Copy of Amended Petition

_____   Discovery Request

        You must either comply with the demand contained in the Petiion or make an appearance either by filing an Answer or other pleading in the 7th Judicial District Court (Concordia)  located at 4001 Carter Street, Suite #5, Vidalia, LA 71373 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:

        A.  A defendant shall file his answer within twenty-one (21) days after service of Citation upon him,  except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his petition, the defendant shall file his answer to the petition within thirty (30) days after  service of the amended petition.

        B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.

        C.  The Court may grant additional time for answering.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:

        A defendant shall plead in response to an Amended Petition within
        the time remaining for pleading to the Original Pleading or with ten (10)
        days after service of the Amended Petition, whichever period is longer,
        unless the time is extended under Article 1001.

### The Clerk of Court's staff cannot provide legal advice.

This service was ordered by attorney GALEN M HAIR and issued by the Clerk of Court on September 10, 2025

Deputy Clerk, Concordia Parish, Louisiana

### SHERIFFS RETURN

DATE SERVED  _____        SERVICE $_____

PERSONAL ( )  _____       MILEAGE $_____

DOMICILIARY ( )  _____    TOTAL   $_____

                                    DEPUTY:  _____

serve                    return                    copy

Parish of Concordia
State of Louisiana
7th Judicial District Court

LATTER RAIN REVIVAL TABERNACLE
VS. # 56067 "A"
LIBERTY MUTUAL INSURANCE COMPANY

## *CITATION*

To:   LIBERTY MUTUAL INSURANCE COMPANY
      T/ REG AGENT LA SEC OF STATE
      8585 ARCHIVES AVE.
      BATON ROUGE, LA 70809

You are named as a Defendant in the above captioned matter.  Attached to this citation is a:

✓   Certified Copy of Original Petition

_____   Certified Copy of Amended Petition

_____   Discovery Request

You must either comply with the demand contained in the Peition or make an appearance either by filing an Answer or other pleading in the 7th Judicial District Court (Concordia)  located at 4001 Carter Street, Suite #5, Vidalia, LA 71373 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:

A.  A defendant shall file his answer within twenty-one (21) days after service of Citation upon him,  except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his petition, the defendant shall file his answer to the petition within thirty (30) days after  service of the amended petition.

B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.

C.  The Court may grant additional time for answering.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

*The Clerk of Court's staff cannot provide legal advice.*

This service was ordered by attorney GALEN M HAIR and issued by the Clerk of Court on September 10, 2025

*Baci Camerich*
Deputy Clerk, Concordia Parish, Louisiana

*I made service on the named party through the Office of the Secretary of State on*

*SEP 18 2025*

*by tendering a copy of this document to:*
*JULIE NESBITT*
*BY: S. CARAFOLA #0577*
*Deputy, Parish of East Baton Rouge, LA*

### SHERIFFS RETURN

| | |
|---|---|
| DATE SERVED _____ | SERVICE $_____ |
| PERSONAL ( ) _____ | MILEAGE $_____ |
| DOMICILIARY ( ) _____ | TOTAL   $_____ |
| | DEPUTY: _____ |

serve                    return                    copy

RECEIVED
DATE

SEP 1 7 2025

E.B.R. Sheriff's Office

FILED  9-25-25
By *Baci Camerich*
Deputy Clerk of Court

Concordia
JOHN F. ANDERS
Payment Receipt

| | |
|---|---|
| Date Processed | 9/10/25 03:34 PM |
| Suit# | 56067-A |
| Billing Address | Paul Davis |
| | 3540 S I 10 Service Rd W Ste 300 |
| | Metairie |
| Pre-Auth TransactionId | 687591595BA44349BC085324 |
| Clerk Amount | 450.00 |
| Convenience Fee (Non-Clerk) | 13.72 |
| Online Filing Fee (Non-Clerk) | 7.50 |
| Total Charged To Card | 471.22 |

Concordia
JOHN F. ANDERS

| | |
|---|---|
| Submission# | 1013834 |
| Date Submitted | 9/10/25 03:09 PM |
| Date Processed | 9/10/25 03:34 PM |
| Processed By | Laci Cognevich |
| Suit# | C-56067-A |
| Filed By | waters@hairshunnarah.com |
| Division | |

PETITION, NEW (INCLUDES ONE SHERIFF SERVICE)          6pgs

| | |
|---|---|
| How many Additional Defendants are included with this filing? | 0 |
| How many Additional Sheriff Services are required? | 0 |
| How many Certified Copies are requested? | 1 |
| How many Conformed Copies are requested? | 0 |
| How many TOTAL photocopied pages will be required (total document pages x number of copies)? | 6 |

LATTER RAIN REVIVAL TABERNACLE, (Plaintiff)
801 TEXAS AVENUEFERRIDAY LA 71334

LIBERTY MUTUAL INSURANCE COMPANY, (Defendant)